UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MUHAMMAD OWAIS SIDDIQUI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-cv-02089-JRS-MG ) |
| SAMUEL OLSON, KRISTI NOEM, PAMELA BONDI, KERRY FORESTAL, WILLIAM HYATTE, | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On October 13, 2025, Muhammad Owais Siddiqui, by counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. This Court reviewed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases and determined that this Court did not have habeas jurisdiction over Mr. Siddiqui's petition because it did not challenge the fact or duration of Mr. Siddiqui's custody. Dkt. 3; *see* Rule 4, Rules Governing § 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); Rule 1(b) (Rules may apply to habeas proceedings outside § 2254.). Thus, on October 16, the Court issued an order to show cause why the Court should not dismiss this action without prejudice. Dkt. 3. Mr. Siddiqui filed an amended petition on November 4, 2025. Dkt. 5. For the reasons described below, the Court must deny the amended petition because it plainly appears that the Petitioner is not entitled to habeas relief. Accordingly, the Court **dismisses** Mr. Siddiqui's petition without prejudice and directs the entry of final judgment.

I.     **Background**

Mr. Siddiqui is a Pakistani national who entered the United States in 1999 and subsequently applied for asylum. Dkt. 1-1 at 7. In 2005, the Immigration Court denied Mr. Siddiqui's asylum petition and placed him in removal proceedings. *Id.* Mr. Siddiqui appealed this decision, but the Sixth Circuit denied his appeal in 2008. *Id.* at 8. In September of 2025, Mr. Siddiqui filed a Motion to Reopen the proceedings and an Emergency Motion for Stay of Removal, which remain pending before the Board of Immigration Appeals ("BIA"). *Id.* On September 11, 2025, Immigration and Customs Enforcement ("ICE") arrested Mr. Siddiqui and detained him at the Marion County Jail. Dkt. 5 at 3. On October 19, 2025, after he filed his petition here, Mr. Siddiqui was transported to Miami Correctional Facility. Dkt. 6 at 9.

Mr. Siddiqui's original habeas petition asked this Court to order Respondents to (1) immediately release him from detention; (2) provide him with his prescription medications and adequate medical care; and (3) adjudicate his pending Emergency Motion for Stay of Removal. Dkt. 1-1 at 11. Though Mr. Siddiqui asked for immediate release from the Marion County Jail, it did not state how or why Respondents exceeded their authority in detaining Mr. Siddiqui. Instead, the petition alleged that the Marion County Jail subjected Mr. Siddiqui to unconstitutional conditions of confinement by denying adequate medical care. The Court explained that "habeas corpus is not a permissible route for challenging prison conditions" when the conditions of confinement do not have "even an indirect effect on the duration of punishment[.]" *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011). Because Mr. Siddiqui's petition did not argue that the denial of medical care affected the legality of his confinement, the Court issued an order to show cause why the petition should not be dismissed for lack of habeas jurisdiction. Dkt. 3.

Mr. Siddiqui subsequently filed an amended petition on November 4, 2025. Dkt. 5.

2

## II. The Amended Petition

The Amended Petition alleges that Mr. Siddiqui's detention violates the Fifth Amendment because Respondents have subjected him to unconstitutional conditions of confinement. It seeks (1) an order limiting transfer; (2) an order granting the writ of habeas corpus and a declaratory judgment that Respondents must refrain from holding Petitioner under unreasonable conditions of detention; (3) an order that Respondents provide Petitioner with his prescription medications, adequate medical care, and dietary needs within 72 hours; (4) release from custody if the conditions of confinement are not ameliorated; (5) attorney's fees and costs; and (6) any further relief. Dkt. 5 at 15.

In support, Mr. Siddiqui makes the same factual allegations as before against the Marion County Jail and adds allegations against the medical staff at Miami Correctional Facility. Specifically, Mr. Siddiqui alleges that Marion County Jail denied him adequate medical care. Dkt. 5 at 6–8. Mr. Siddiqui currently takes Meloxicam 7.5 mg, Methocarbamol 750 mg, Cyclobenzaprine, Liboderm, and Lidocaine patches to manage his severe chronic back pain, high blood pressure, and diminished blood circulation. *Id.* at 7. Medical staff at Marion County Jail did not give Mr. Siddiqui his prescribed medication and did not adequately monitor his heart condition. *Id.* at 8. As a result, Mr. Siddiqui suffered excruciating pain as well as dizziness, light-headedness, and diminished circulation in his legs. *Id.* Miami Correctional Facility has continued to deny Mr. Siddiqui adequate medical care and has failed to provide him with a Kosher diet. *Id.* at 8–11. As a result, he has lost almost 30 pounds since transferring to Miami Correctional Facility. *Id.* at 11.

The Amended Petition responds to the Court's order to show cause by arguing that Mr. Siddiqui is entitled to habeas relief because the unconstitutional conditions of confinement violate the Fifth Amendment of the Constitution. *Id.* at 4–5, 14. Mr. Siddiqui argues that "the Due Process

Clause protects immigration detainees from abusive conditions of confinement . . . [c]onditions of confinement violate the Due Process Clause if they are objectively unreasonable under the standard set out in *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). *Id.* at 5 (citations and internal quotations omitted). Because the "inhumane conditions at Marion County and Miami Facility satisfy this standard," the Court has habeas jurisdiction over Mr. Siddiqui's petition and can grant habeas relief. *Id.*

### III. Discussion

The Court does not have habeas jurisdiction over Mr. Siddiqui's claims. A federal court may grant the writ of habeas corpus if a detainee "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3) (emphasis added); *see INS v. St. Cyr*, 533 U.S. 289, 305 (2001). In other words, a federal court may grant habeas relief when the *fact or duration* of the petitioner's custody violates the Constitution or the laws of the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). A federal court cannot grant habeas relief solely because a petitioner's conditions of confinement violate the Constitution. The Seventh Circuit has expressed a "long-standing view that habeas corpus is not a permissible route for challenging prison conditions" when the conditions of confinement do not have "even an indirect effect on the duration of punishment[.]" *Robinson*, 631 F.3d at 841.

Mr. Siddiqui's Amended Petition does not show that the fact or duration of his custody violates the Constitution. The Amended Petition does not cite any authority for the proposition that Mr. Siddiqui cannot be legally detained. In fact, it does not contain any details about how or why ICE arrested and detained Mr. Siddiqui. Mr. Siddiqui highlights that *Robinson v. Sherrod* noted that the Supreme Court "left the door open" for "prisoners to use habeas corpus to challenge a condition of confinement." Nevertheless, the line of cases within the Seventh Circuit that fit into

this "crack" involve conditions of confinement claims that bear "directly" on whether the "fact of [petitioner's] confinement is constitutional." *Ochoa v. Kolitwenzew*, 464 F. Supp. 3d 972, 981 (C.D. Ill. 2020). For example, during the Covid-19 pandemic some district courts reviewed habeas petitions alleging conditions of confinement claims because the petitioners alleged that they could not be lawfully detained *at all* due to the hazards of the pandemic. *See id.* (collecting cases). In contrast, the Amended Petition does not allege that there are no conditions of confinement that are lawfully sufficient. Indeed, it asks for release only if Miami Correctional Facility cannot provide Mr. Siddiqui's prescriptions. Thus, because Mr. Siddiqui does not challenge the fact or duration of his confinement, his petition does not fall within the Court's habeas corpus jurisdiction.

That Mr. Siddiqui's claims do not fall within this Court's *habeas jurisdiction* does not mean that there are not other vehicles for redressing unconstitutional conditions of confinement. For example, after exhausting his administrative remedies, Mr. Siddiqui may sue any officials who have violated his rights under 42 U.S.C. § 1983, which "provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law." *Torres v. Madrid*, 141 S. Ct. 989, 994 (2020).

### IV.   Conclusion

For the reasons explained above, the Court **denies** Mr. Siddiqui's habeas petition pursuant to Rule 4 and **dismisses** this action without prejudice. Final judgment shall now issue.

**IT IS SO ORDERED.**

Date:   11/18/2025

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Carla Iveth Espinoza
Immigration Law Office of Moises L. Barraza, LLC
carla@barraza-law.com

Anthony W. Overholt
Frost Brown Todd LLP
aoverholt@fbtlaw.com